Judge Buckner
delivered the opinion of the court.
Thi? is an action of ejectment, in which a verdict and judgment having been rendered for the defendants, the plaintiffs appealed. The-plaintiffs claim under the patent of Archibald M’Kin* ney, of date anterior to that of James Kenney, under which the defendants, who were his cnildren, claim.
The plaintiffs read in evidence to the jury M‘Kinney’s patent; a deed from him to one Jones, for 250 acres, part thereof, dated 16th of August, 1817; a deed from said Jones, dated 24th of March, 1823, to the heirs of one Thomas Parker, for 233 acres, part of said 250 acres, and a deed from John Parker, one of said heirs, to M’Dowell, one of the plaintiffs, dated September, 1824, for thirty-one acres and upwards, part, of said 233 acres. The suit was commenced on the 5th day of May, 1828,
The declaration contains demises in the names of Parker’s heirs and of M’Dowell. It was proved that all of the lessors, except M'Dowell, were the heirs at law, of Tnomas Parker, deceased, and that the whole of.said heirs were under twenty-one years of age, at the time of his death; and that the patent of M’Kinney, and the deeds aforesaid, cover the land in contest, which amounted to about twelve or thirtee ¡ acres, and that at the commencement of the suit it was in the possession of the defendant. The plaintiffs also read to the jury the record of proceedings in the county court of Bourbon, by which the land in contest-had been allotted to John Parker, one of the heirs aforesaid, who had conveyed it as above set forth, to M’Dowell, and proved that Thomas, the ancestor of said heirs, had entered upon the land conveyed to Jones by the patentee, M’Kinney, about twenty four or five years previously, claiming to hold the same under M’Kinney’s patent, and made a survey of the 233 acres mentioned in the deed aforesaid, marked the lines and corners thereof, and continued to claim it until his death, which had taken place about nine *517 teen years previously. After his death, a guardian of the heirs continued, for about eighteen or nineteen years, to exercise the like ownership over it, which the said ancestor had done. The year after the said survey of 233 acres was made. Thomas Parker had settled a tenant on ifo but outside of die interference between the patents under which plaintiffs and defendants claimed, who cleared and fenced some land; but not within the boundary of the interference. It was also proved that said T. Parker settled upon said 233 acres, and obtained rock to build his chimney from the land in contest, arid cut therefrom a part of the timber to build his house, and that his family after his death, continued to live on it, and were still there, and had at different limes exercised acts of ownership over the land in contest, by cutting timber on it.
James Kenney’s patent, which covered the land in contest, was also read to the jury, and the defendants proved, that about thirty-four years previous to that time, their ancestor, the patentee, had, by bis tenants, actually settled upon that part of his patent, which interfered with that, under which the plaintiffs claimed, and had cleared and enclosed a part of it; and had occupied the same, until his death; and that the defendants had ever since been in possession of it; that at the time of entering on said interference, he did it, with the intention of reducing the whole of his patent boundary into his actual posses-ion. The land in contest, however, was wood land, and had not been enclosed until February, 1828.
Upon this testimony, the court, on motion of the defendants, instructed the jury, “That if they should believe, from the evidence, that James Kenney, the patentee, and father of the defendants, entered upon the interference between the said Kenney and JM’Kin-ney, with intention to take possession, to the extent of his patent boundary, more than thirty-four years, before the commencement of this action, and actually settled and improved the same, by building houses and clearing a part of the land in the said interference; and that Thomas Parker, under whom the plaintiffs derive their title, entered on the patent of ’VPKinuey, not more than twenty-four or twenty-five *518 years since,-and then entered outside of the patent boundary of the said Kenney, the entry of the said Kenney on the said interference, and within the patent boundaries of the said M’Kinney, was a dissei-sin of the said elder patentee; and if they should be of opinion, that the possession thus taken by Kenney, was continued for more than twenty years, the plaintiff was barred from recovering in the present action; to which opinion and- instruction the plaintiff excepted.”
Patentee entering u non Sand,contained in his patent, with intention of taking possession of his whole claim, shall be considered in possession to the extent of liis patent boundary.
The plaintiffs moved the court to instruct the jury, “that if they, believed, from the evidence, that the patentee, M’Kinney, by Thomas Parker, deceased,, entered upon the land in contest, (being the interference between the two patents read to the jury,) and before the defendants and their ancestor had been in possession of said interference twenty years; and that said M’Kinney, by said Pa'rker, had entered thereon with an intention to take possession of so much of said interference as is covered by his deed to Thomas Jones; and that said M’Kinney, and those claiming under him, had, under such entry,.continued their darn to the land in contest; to use and cut the timber thereon, under said M’Kinney’s claim, notwithstanding the lapse of time, the plaintiff’s action could be maintained, for the land in contest.”
The court refused to give these instructions as moved for, but gave them with the following modification; “unless at the time of said M’Kinney’s entry, James Kenney, or those claiming under him, had the actual possession of the land in contest,” to which the plaintiffs also excepted.
That a patentee who enters upon land contained within the bounds of his patent, with an intent of taking possession of his whole claim, shall be considered as in possession, to the full extent of such claim, has been fully established by the decisions of this Court. See the case of Taylor vs. Buckner, II. Mar. 18. In the case of Lee against M’Daniel, I. Mar. 234, it is decided that a landlord settling a tenant on his patent, with an intent to take possession, and not restricting the tenant by certain bounds, is possessed to the whole extent of his patent. In the case of Briscoe’s heirs against McKee, I. Mar. 189, pop *519 session taken of a survey before patent, and within an interference, was decided to extend to the limits of f:he survey; and in the case of Fox vs. Hinton, IV. Bibb, 559, it was held that where there were two interfering patents, an entry under the junior patent, on a part of the interference, with an intention to take possession of the whole, gave to the person making such entry, possession of the interference to the extent of his claim. In this case it was proved, that the ancestor of the defendants, under his patent, had, about thirty-four years before the trial in the circuit court, entered upon the interference, with the intention then declared, of taking possession to the extent of his patent, and by his tenants,had actually enclosed a part of it, and that he and those claiming under him, had occupied it ever since. The land in contest was wood land, and had not been enclosed until shortly previous to the commencement of the ejectment; but it was in legal contemplation, as completely in bis possession as if he had enclosed it by a fence. It was moreover proved that he died, and that his heirs, the defendants, had continued in possession of it from the period of his death. U'pon this view of the case, no objection is perceived to the instruction given to the jury, at the instance of the defendants. The land having been adversely possessed by defendants for more than twenty years previous to the commencement of the action, it was barred, unless the plaintiffs have adduced some proof shewing that the adverse possession did not toll their right of entry.
Where there are two interfering patents an entry under the junior patent,on a part of the interference, with intention to take possession of whole, gives to the person making such entry, possession of the interference, to the extent of his claim.
20 years’ coni tinued adverse possession, will bar an ejectment, unless pl’tff. adduce some proof shewing that the adverse possession did not toll his right of entry.
Junior paten-tee, entering on an interference, with intent to take possession to extent of his patent boundary, and building on & clearing part thereof, acquires actual possession of the whole interference, & his possession will not he di--vested by the occudomiliti-cursionsoftho eMer paten-tee, 10 out timber or dire rook.
*519 The proof that Thomas Parker had settled within M’Kinney’s patent boundary, claiming under him, twenty-four or five years, previously, and had raised rock and cut timber on the land in contest, cannot produce that effect. Kenney had the actual possession of it, and of that he could not be divested by occasional incursions made by Parker, or any one else. In the case of Smith against Mitchell, I. Mar. 208, this court determined that the appellee having occasionally, for upwards of twenty years, made sugar at a camp erected by him upon the land in contest, did not confer upon him, such a possession as would bar the appellant’s right of entry ;and reference is there made to the case of Braxdall vs. Sneed. Ibid, 106.
Hanson and Crittenden, for appellant: Mills and Brown, for defendant.
If has born insisted that as Thomas Parker died about nineteen years before the trial of file caso in the circuit, court, leaving' all his heirs, undpr age, their right of entry was not barred. That, we apprehend, could make no difference in the ease. It is not shewn by the proof in the eausp. under what authority Parker first took possession of the Ia?<d, on which hp settle d. He could not, however, have maintained an action of ejectment until he acquired the legal title. About twenty-three years had elapsed, from the lime that the ancestor of the defendants had faken possession of the land in contest, until the making of the deed to Jones, and the deed from him to-Parker’s heirs, was not made for several years after-wards.
We are, therefore, of opinion, that the circuit court decided correctly, in giving the instruction asked for, by the defendants, and in refusing, except in the form in which they were given, those moved for by the plaintiff.
The judgment of the circuit court must be affirmed With costs.